UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LARRY G. PHILPOT                                         CIVIL ACTION

VERSUS                                                   No. 18-9085

SCENE ENTERTAINMENT, LLC                                 SECTION: "J"(3)

### ORDER AND REASONS

In a previous Order (Rec. Doc. 12), this Court granted default judgment in favor of Plaintiff Larry Philpot and against Scene Entertainment, LLC on Philpot's claim for copyright infringement of a photograph he took of singer Macy Gray. However, Plaintiff had asked for the maximum allowable statutory damages for a single count of infringement, $150,000, an amount that requires a finding of willful infringement. Accordingly, the Court held an evidentiary hearing damages on May 19, 2019 so that it could fix damages in the appropriate amount.

Statutory damages for non-innocent infringement may range from $750 to $30,000 for each copyrighted work; however, a court may increase the award up to $150,000 if the court determines the infringement was willful and may decrease it to down to $200 for an innocent infringement. *See* 17 U.S.C. §§ 504(c) (1), (2), *Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 374 (S.D.N.Y. 2019). When fixing damages for infringement that is not innocent courts typically apply a multiplier of 3-5 to the licensing fee that would have been paid. *Mango*, 356 F. Supp. At 374; *see also Broad. Music, Inc. v. Barflies, Inc.*, No. CIV.A. 03-304, 2003 WL 21674470, at *2 (E.D. La.

1

July 16, 2003) (collecting cases). Courts can assume that a defendant was not innocent in his infringement or even acted with reckless disregard of the copyright holder's rights where the defendant has defaulted. *See* 4 Melville B. Nimmer and David Nimmer, *Nimmer on Copyright* § 14.04 (Mathew Bender, Rev. Ed. 2019) (citing *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 880 (S.D. Ohio 2007)).

Upon considering Philpot's testimony and the additional evidence he submitted, the Court finds that statutory damages in the amount of $10,500.00 are warranted. Philpot testified that he would charge an outfit such as Scene Entertainment, LLC—which he testifies was operating as a concert promoter—$3,500 for the use of the photograph. Although $3,500 probably states the maximum Philpot would be able to charge for a license to use his photograph,[1] the Defendant waived its right to argue for a lower hypothetical license fee by defaulting and then failing to appear at the evidentiary hearing. In any case, in acknowledging that the Court has set a high hypothetical licensing fee, the Court shall apply a multiplier at the low end of the typical range. Accordingly, the Court finds Scene Entertainment, LLC committed its infringement with reckless disregard of Philpot's rights under copyright laws and awards statutory damages to Philpot of three times a hypothetical

---

[1] In supporting his claim that he would have charged $3,500, Philpot submitted an agreement he signed allowing Tom Petty to use photographs Philpot had taken of the recording artist on Tom Petty's website for a one-time fee of $3.500. Philpot testified that Tom Petty always "took care" of photographers and other staff. This evidence suggests $3,500 is a very favorable rate for Philpot. This conclusion is strengthened by Philpot's testimony that he is often compensated in the form of attribution. As has been established in the record, Defendant was free to use the photograph so long as it gave proper attribution in accordance with the Creative Commons license. Philpot himself testified he would have been satisfied so long as Defendant even attempted attribution by giving only his name below the photograph. That the defendant was free to use the photograph freely with proper attribution does not suggest Philpot would have commanded his top-dollar licensing fee for the photograph used in this case. The Court accounts for this in setting the multiplier.

2

licensing fee of $3,500, for a total award of $10,500. This amount fairly compensates Plaintiff, "serve[s] the strong public interest in insuring integrity of copyright laws," and gives "notice that it costs less to obey the copyright laws than to violate them." *See Rodgers v. Eighty Four Lumber Co.*, 623 F. Supp. 889, 892 (W.D. Pa. 1985) (citation omitted).

Philpot has also requested reasonable attorneys' fees and costs. "Although attorney's fees are awarded in the trial court's discretion in copyright cases, they are the rule rather than the exception and should be awarded routinely." *McGaughey v. Twentieth Cent. Fox Film Corp.*, 12 F.3d 62, 65 (5th Cir. 1994) (quoting *Micromanipulator Co. v. Bough*, 779 F.2d 255, 259 (5th Cir. 1985)). Nothing in the record suggests the Court should deviate from the typical practice, so fees and costs shall be awarded. *See Broad. Music, Inc.*, 2003 WL 21674470, at *3. However, as the Court stated at the evidentiary hearing, time sheets are necessary to determine the reasonableness of the requested fees and so the Court defers on fixing a fee amount.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Larry G. Philpot is entitled to statutory damages in the amount of $10,500.

**IT IS FURTHER ORDERED** that Plaintiff shall submit a written motion for fees within 14 days of the issuance of the Court's final judgment. *See* Fed. R. Civ. Proc. 54(d), Local Rule 54.2.

3

New Orleans, Louisiana, this 28th day of May, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

4